```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
ROBERT SPARKS, on behalf of himself and
all others similarly situated, MENTAL
DISABILITY LAW CLINIC, TOURO LAW CENTER,
on behalf of its constituents,

                Plaintiffs,

     -against-                          **MEMORANDUM & ORDER**

CHARLOTTE SELTZER, in her official      05-CV-1061 (NG) (KAM)
capacity of Executive Director of
Creedmoor Psychiatric Center, and
PAULETTE FLOYD, in her official capacity
of Treatment Team Leader at Creedmoor
Psychiatric Center,

                Defendants.
------------------------------------------X
```

MATSUMOTO, United States Magistrate Judge:

Plaintiffs bring this class action suit under 42 U.S.C. § 1983, seeking declaratory and injunctive relief to address certain visitation and telephone usage restrictions at the Creedmoor Psychiatric Center ("Creedmoor") which they allege violate the First Amendment rights of individuals confined to Creedmoor. (Docket no. 1, Compl.) In letters dated January 12 and January 16, 2007 (docket nos. 69 and 70), the parties raised with the Court a discovery dispute concerning the scope of plaintiffs' expert disclosures under Fed. R. Civ. P. 26(a)(2)(B), specifically the question of whether plaintiffs are required to disclose correspondence from plaintiffs' counsel to plaintiffs' experts which contains the subjective impressions of plaintiffs'

-1-

counsel, material that would otherwise be protected as attorney work product.  Defendants have also noted that it is unclear whether plaintiffs also challenge defendants' additional requests concerning disclosure of the experts' draft reports, notes made or reviewed by the experts, and other material considered by the experts.

For the reasons stated below, the Court finds that plaintiffs are required to disclose any material considered by their experts, including material that is otherwise protected by the attorney work product doctrine.

## **DISCUSSION**

Fed. R. Civ. P. 26(a)(2) sets forth a party's duties with regard to disclosure of expert witness testimony, requiring that a party disclose to its adversary a report prepared by the expert which contains, *inter alia*, "the data or other information considered by the witness in forming the opinions" in the report. Fed. R. Civ. P. 26(a)(2)(B).  As the Advisory Committee Notes for the 1993 Amendments to Rule 26 state:

> The report is to disclose the data and other
> information considered by the expert and any
> exhibits or charts that summarize or support
> the expert's opinions. Given this obligation
> of disclosure, litigants should no longer be
> able to argue that materials furnished to
> their experts to be used in forming their
> opinions--whether or not ultimately relied
> upon by the expert--are privileged or
> otherwise protected from disclosure when such

persons are testifying or being deposed. Despite the reasonably straightforward dictates of Rule 26(a)(2)(B) and the accompanying Advisory Committee Notes, parties have continued to litigate the question of whether a party's expert disclosure duties under Rule 26(a)(2)(B) trump its ability to claim the attorney-client privilege or work product protection over materials provided to an expert witness.

In support of their position, plaintiffs cite Magee v. Paul Revere Life, Ins. Co., 172 F.R.D. 627, 642 (E.D.N.Y. 1997), in which the court found that Rule 26(a)(2)(B) applied only to "factual materials, and not to core attorney work product considered by an expert."[1]  However, as defendants note in their submission, while the Second Circuit has not ruled on this issue, "the overwhelming weight of authority in this Circuit--including several recently decided cases--indicates that the Rule 26(a)(2)(B) disclosure requirement trumps the substantial protection otherwise accorded opinion work product under Rule 26(b)(3)."[2]  Aniero Concrete Co., Inc. v. New York City School

---

[1] As noted by the court in Magee, "core" or "opinion" work product refers to the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation, and is accorded a higher level of protection than that provided for "ordinary" work product. 172 F.R.D. at 643.

[2] Fed. R. Civ. P. 26(b)(3) codifies the work product doctrine articulated by the Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947).  Rule 26(b)(3) provides that a party may obtain discovery of documents and tangible things prepared in

Constr. Authority, No. 94 CIV 9111, 2002 WL 257685, at *2 (S.D.N.Y. Feb. 22, 2002); accord In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001) ("Indeed, we are unable to perceive what interests would be served by permitting counsel to provide core work product to a testifying expert and then to deny discovery of such material to the opposing party."); Am. Steamship Owners Mut. Prot. and Indem. Assoc., Inc. v. Alcoa Steamship Co., Inc., No. 04 Civ. 4309, 2006 U.S. Dist. LEXIS 3078 (S.D.N.Y. Jan. 26, 2006); Ling Nan Zheng v. Liberty Apparel Co., Inc., No. 99 Civ. 9033, 2004 WL 1746772 (S.D.N.Y. Aug. 3, 2004); Mfg. Admin. and Mgmt. Sys., Inc. ICT Group, Inc., 212 F.R.D. 110 (E.D.N.Y. 2002); Herman v. Marine Midland Bank, 207 F.R.D. 26 (W.D.N.Y. 2002); Construction Industry Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43 (E.D.N.Y. 2001); Weil v. Long Island Sav. Bank FSB, 206 F.R.D. 38 (E.D.N.Y. 2001).

Courts ruling in favor of disclosure have based their decisions on the plain language of Rule 26(a)(2)(B) and the Advisory Committee Notes, as well as numerous policy reasons supporting a bright-line rule of disclosure, namely: "the

---

anticipation of litigation or for trial "only upon a showing [of] . . . substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other reasons. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3).

attorney-expert dynamics in the litigation context, including effective cross-examination; the efficiency of the truth-finding process; and, the maintenance of the integrity of the work-product doctrine fostered by a simple attorney decision not to share such material with the expert." Baum v. Village of Chittenango, 218 F.R.D. 36, 40 (N.D.N.Y. 2003)(citing Mfg. Admin. and Mgmt. Sys., Inc. ICT Group, Inc., 212 F.R.D. 110, 116-18 (E.D.N.Y. 2002)). "Furthermore, such a rule fosters the pre-trial goals of narrowing the issues, avoiding surprise and dispensing with needless depositions." Id.

The Court agrees with the analysis and reasoning of other district courts in this Circuit supporting the disclosure under Rule 26(a)(2)(B) of materials considered by a party's expert, including materials covered by the work product doctrine. Such disclosure creates a level playing field by providing a party with the information necessary to effectively cross-examine an opposing party's expert witness. Counsel wishing to maintain the protections afforded by the work product doctrine may do so by choosing not to provide an expert witness with the counsel's opinion work product. Based on the foregoing, plaintiffs are directed to produce to defendants all correspondence from plaintiffs' counsel to plaintiffs' experts by February 2, 2007. The Court also directs plaintiffs to disclose any draft reports by the experts, any notes made or reviewed by the experts, and

all other material considered by the experts by February 2, 2007.

**SO ORDERED.**

Dated: January 29, 2007
       Brooklyn, New York

                                             /s/
                                    **Kiyo A. Matsumoto**
                                    United States Magistrate Judge
                                    Eastern District of New York